IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
1:22-CV-10

| | |
|---|---|
| LYNN COWAN, as Administrator of the Estate of William Lawrence Cowan,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP H. LAVINE, MD<br><br>Defendant. | **BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF AMOUNT OF SETTLEMENT WITH CODEFENDANTS** |

NOW COMES Defendant Philip H. Lavine, MD, before the Court, by and through his undersigned counsel, and in support of his motion for an Order, pursuant to Federal Rule of Civil Procedure 26 (b) (1), compelling Plaintiff to disclose the amount of her settlement with the Codefendants. As shown below, the amount of Plaintiff's settlement with the Codefendants is relevant to the issue of set- off, under N.C.G.S § 1B–1, and to assess Dr. Lavine's potential exposure.

### STATEMENT OF THE CASE

Plaintiff Lynn Cowan, as Administrator of the Estate of William Lawrence Cowan, commenced this action by filing a Complaint on January 10, 2022 (Doc. 1). The Complaint named eleven (11) Defendants and asserted cases of action for deliberate indifference (against former Defendants Fortner and Covington only), corporate negligence and gross negligence (against former Defendant Southern

1

Health Partners only), negligence and gross negligence (against former Defendant RHA Health Services only), action on official bond (against former Defendants Sheriff Johnson and NGM Insurance Company only), and medical malpractice (against Dr. Lavine, as well as former Defendants Russell, Fortner, Southern Health Partners, and RHA Health Services).

## STATEMENT OF THE FACTS

Following mediation on September 29, 2023, all the Codefendants settled with Plaintiff. The sole cause action remaining is a state law medical malpractice claim against Dr. Lavine, who saw Mr. Cowan on one occasion, nearly two months before his death by suicide.

To date, Plaintiff has refused to disclose the amount of Plaintiff's settlement with the Codefendants.

## STATEMENT OF QUESTION PRESENTED

I.  Is the amount of Plaintiff's settlement with the Codefendants discoverable?

## ARGUMENT

As with any discovery dispute, Rule 26(b)(1) provides the general rule, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Relevant information is a broader concept than admissible evidence. To be relevant, information need only be calculated to lead to the discovery of admissible evidence, it need not be admissible itself. "Relevant evidence" is defined to mean evidence having any tendency to make the existence of

any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 401.

"On relevancy matters, the trial court has broad discretion." *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir.1992). It is well-established in the Fourth Circuit that that the party resisting discovery (including on relevance grounds), not the party moving to compel discovery, bears the burden of persuasion. *See e.g. Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., Inc.*, No. 1:05CV955, 2011 WL 2470460, at *4 (M.D.N.C. June 20, 2011); *Elkins v. Broome*, No. 1:02CV305, 2004 WL 3249257, at *2 (M.D.N.C. Jan.12, 2004) (unpublished) (Dixon, M.J.) ("It is the rule in federal court that the burden is on the party resisting discovery on relevancy grounds to support his objection; it is not the party's burden propounding discovery, at least in the first instance, to show relevancy.").

Importantly, the Fourth Circuit has never recognized a settlement privilege or required a particularized showing that admissible evidence will be generated when confidential settlement documents are sought. *See Wilshire v. WFOI, LLC*, No. 4:13-CV-3614-RBH, 2015 WL 1643456, at *3 (D.S.C. Apr. 14, 2015). Thus, the only question before the Court is whether Dr. Lavine has met the requirements of Rule 26(b)(1), that is, whether the information is relevant and not unduly burdensome to produce. *Id.*, at *1.

The amount of Plaintiff's settlement with the Codefendants is clearly relevant to the issue of set-off and to assess Dr. Lavine's exposure to possible

3

damages. *Spilker v. Medtronic, Inc., No.* 4:13-CV-76-H, 2014 WL 4760292, at *3 (E.D.N.C. Sept. 24, 2014; *Selective Way Ins. Co., v. Schulle*, No. 3:13cv00040, 2014 WL 462807, at *2 (W.D.Va. Feb. 5, 2014) ("[T]he terms of the [settlement] releases are relevant to the non-settling defendants' continued liability and right of setoff, and, in turn, the insurers' exposure in the instant action."); *Wilshire, supra.*, at *3 (settlement agreement relevant to defendant's "claim or defense due to the potential for a set-off, and thus is discoverable.")

Moreover, Dr. Lavine is entitled to know the amount of the codefendants' settlement prior to any judgment being entered against him. *Wilshire, supra.*, at *3 (Court granted pretrial motion, concluding that settlement information is "discoverable at this juncture.").

Plaintiff will be unable to show that the amount of the settlement would be "unduly burdensome to produce."

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court compel Plaintiff to disclose the amount of her settlement with the Codefendants.

This the 14th day of November, 2023.

/s/ Katherine W. Dandy
Brenda S. McClearn
N.C. State Bar No. 21073
Katherine W. Dandy
N.C. State Bar No. 58559
*Attorneys for Philip H. Lavine, MD*

11215 North Community House Road
Suite 750

4

Charlotte, NC 28277
Phone: (980) 859-0380
Fax:   (678) 539-1601
E-mail: bmcclearn@hallboothsmith.com
        kdandy@hallboothsmith.com

## CERTIFICATE OF WORD COUNT

The undersigned counsel for Defendant certifies that this Brief complies with Local Rule 7.3(d)(1)'s 6,250-word limitation. Counsel relied upon the word count reported by word-processing software.

This the 14th day of November 2023.

/s/ Katherine W. Dandy
Brenda S. McClearn
N.C. State Bar No. 21073
Katherine W. Dandy
N.C. State Bar No. 58559
*Attorneys for Philip H. Lavine, MD*

11215 North Community House Road
Suite 750
Charlotte, NC 28277
Phone: (980) 859-0380
Fax:   (678) 539-1601
E-mail: bmcclearn@hallboothsmith.com
                kdandy@hallboothsmith.com

6

Case 1:22-cv-00010-LCB-JLW   Document 99   Filed 11/14/23   Page 6 of 7

CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO COMPEL PLAINTIFF TO DISCLOSE THE AMOUNT OF HER SETTLEMENT WITH THE CODEFENDANTS** was served electronically upon the parties below:

> Mr. Carlos E. Mahoney
> Glenn Mills Fisher and Mahoney, PA
> P O Drawer 3865
> Durham, NC 27702-3865
> cmahoney@gmf-law.com
> *Attorney for Plaintiff*

This the 13th day of November, 2023.

> /s/ Katherine W. Dandy
> Brenda S. McClearn
> N.C. State Bar No. 21073
> Katherine W. Dandy
> N.C. State Bar No. 58559
> *Attorneys for Philip H. Lavine, MD*

11215 North Community House Road
Suite 750
Charlotte, NC 28277
Phone: (980) 859-0380
Fax: (678) 539-1601
E-mail: bmcclearn@hallboothsmith.com
kdandy@hallboothsmith.com

7